INVESTMENT OF SURPLUS FUNDS OF STATE INSURANCE FUND (1) The Commissioner of the State Insurance Fund, with the approval of the Board of Managers, may invest surplus funds of the State Insurance Fund in State banks in excess of that amount insured by the Federal Deposit Insurance Corporation, if said Commissioner requires that the collateral securities named in 62 O.S. 516.3 [62-516.3] (1961) be pledged by said bank and taken by the State Insurance Fund. (2) It is legally permissible for the Commissioner of the State Insurance Fund, with the approval of the Board of Managers, to require a pledging of securities equal to or in excess of 110% of the amount loaned. The Attorney General has received your request for opinion on two questions, as follows: 1. May the Commissioner of the State Insurance Fund, with the approval of the Board of Managers, invest surplus funds of the State Insurance Fund in State banks in excess of that amount insured by the Federal Deposit Insurance Corporation, if said Commissioner requires that the collateral securities named in 62 O.S. 516.3 [62-516.3] (1961) be pledged by said bank and taken by the State Insurance Fund? 2. If the answer to Question No. 1 is yes, then is it legally permissible for said Commissioner to require a pledging of securities equal to or in excess of 110% of the amount loaned? The pertinent portion of 85 O.S. 138 [85-138] (1961), reads as follows: "Any of the surplus or reserve fund belonging to the State Insurance Fund, may, by order of the Commissioner, with the approval of the Board of Managers of the State Insurance Fund, be invested in or loaned on the pledge of any of the securities in which a State bank may invest the moneys deposited therein by the State Treasurer; or may be deposited in State or National Banks or trust companies upon insured time deposit bearing interest at a rate no less than currently being paid upon insured savings accounts in said institutions. `Insured' as used in this act shall mean Insurance as provided by an agency of the Federal Government. . ." A reading of the above language, and a literal interpretation of the same, indicates that such surplus funds may be loaned on the pledge of any securities in which a State bank may invest State money deposited therein by the State Treasurer. As a matter of fact, neither the Oklahoma Statutes nor Constitution provide for securities in which a State bank may invest State monies. Since there are no legal restrictions upon the investment made by a State bank of State monies deposited therein, a literal interpretation would mean that there would, therefore, be no restrictions upon the type securities in which the Commissioner of the State Insurance Fund could invest its surplus. While it is likely that the State Legislature intended to provide that surplus monies of the State Insurance Fund could be invested in a manner such as the State Treasurer may invest State monies, the fact remains that the language contained in 138 does not so state. The procedure upon which your request is based is within the very broad language of 138, and offers more protection to the State than this broad language of the section. The procedure you spell out in your first question would give to the State of Oklahoma the same guarantees and the same protection on State Insurance Fund surplusage that the State now enjoys on the deposit or loaning of other State funds. Since this is within the limits of, but something less than, the provisions of the first sentence of 85 O.S. 138 [85-138], it is proper. It is, therefore, the opinion of the Attorney General that the answer to your first question is in the affirmative. The Commissioner of the State Insurance Fund, with the approval of the Board of Managers, may invest surplus funds of the State Insurance Fund in State banks in excess of that amount insured by the Federal Deposit Insurance Corporation, if said Commissioner requires that the collateral securities named in 62 O.S. 516.3 [62-516.3] (1961) be pledged by said bank and taken by the State Insurance Fund. In answer to your question No. 2, there is no law that directs the Commissioner to require a pledging of securities greater than the amount loaned by the Commissioner. However, the requiring of a pledging of securities equal to or in excess of 110% of the amount loaned is legally permissible since the State of Oklahoma would have the benefit of greater security. It is, therefore, the further opinion of the Attorney General that the answer to your Question No. 2 is yes. It is legally permissible for the Commissioner of the State Insurance Fund, with the approval of the Board of Managers, to require a pledging of securities equal to or in excess of 110% of the amount loaned. (Larry Derryberry)